ON PETITION FOR APPEARANCE BOND PENDING APPEAL
WALKER, Justice,
for the Court:
On June 24, 1976, the Youth Court of Rankin County found Billy Thomas Hobson to be a delinquent child, within the meaning of Mississippi Code Annotated section 43-21-5(g) (1972), and committed him to the Oakley Training School until further order of the court.
The Youth Court refused to allow Hob-son’s release under bond pending the outcome of an appeal, evidently relying on Mississippi Code Annotated section 43-21-51 (1972). Hobson has perfected his appeal to this Court and now petitions this Court to order his release under bond pending appeal.
The original Youth Court Act did not contain any special provisions concerning the release of a child pending appeal. Miss. Gen.Laws Ch. 300, § 23 (1940). In 1946 the law was amended to allow a release from custody at the discretion of the Youth Court or the Supreme Court:
The pendency of an appeal shall not suspend the order or decree of the youth court regarding a child, nor shall it dis *764 charge the child from the custody of that court or of the person, institution or agency to whose care such child shall have been committed, unless the youth court or supreme court shall so order. (Miss.Gen.Laws Ch. 207, § 24 (1946)).
This language currently appears in Mississippi Code Annotated section 43-21-51 (1972). However, this, language has been superseded by a later act of the Legislature, Miss.Gen.Laws Ch. 391, § 2 (1971), codified at Mississippi Code Annotated section 43-21-7 (1972) which provides:
Any youth subject to the youth court jurisdiction shall be entitled to be released on bond subject to appeal to the state supreme court, the amount of said bond to be determined by the presiding youth court judge. (Emphasis added).
Although the Legislature, in inserting this last section (43-21-7) into the Code, did not expressly amend the old language of section 43-21-51, their intent appears manifest as the two sections are in irreconcilable conflict. Therefore, whereas the release of a juvenile on bond pending his appeal was discretionary under the earlier enactment, the 1971 amendment allows him to be released on bond as a matter of right. The Youth Court therefore erred in not fixing the amount of bond required to be posted by the appellant in order to effectuate his release and to assure his appearance to abide by the mandate of this Court upon a final adjudication of this cause.
Hobson urges that this Court also fix the amount of his bond. However, the 1971 statute (43-21-51) quoted above provides that the amount of bond should be determined by the Youth Court.
It is therefore ordered that the Youth Court of Rankin County fix a reasonable appearance bond for Hobson’s release during the pendency of his appeal.
THIS PETITION WAS CONSIDERED BY A CONFERENCE OF THE JUDGES EN BANC.
All Justices concur.